TURNER, P. J.,
Concurring.—I concur in the judgment including the analysis concerning the meritless attack on the integrity of the family law court. I write separately to explain why I believe the limited reversal and remand is warranted. It is presumed a trial court knows the law and has applied it. (Evid. Code § 664; People v. Sullivan (2007) 151 Cal.App.4th 524, 549-550 [59 Cal.Rptr.3d 876].) But here, the family law court’s findings made no reference to Family Code section 3044 which, as my colleagues correctly note, is the controlling issue. Thus, in my view, the presumption the *420 trial court applied the law is overcome by the absence of any findings directed at the crucial issue before the family law court. But how to resolve the dispute’s merits is a matter to be left in the good hands of the family law court.
A petition for a rehearing was denied September 2, 2016, and on August 11, 2016, the opinion was modified to read as printed above. Appellant’s petition for review by the Supreme Court was denied November 9, 2016, S237327.